# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>ALI AL-REKABI<br><br>        Respondent. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:11CR599DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Ali Al-Rekabi's Motion of Habeas Corpus, Motion to Appoint New Counsel, and Motion to Stay Transport to Federal Prison filed in his criminal case on February 27, 2014. On March 9, 2012, this court entered Judgment in Defendant's criminal case. Defendant was sentenced to the custody of the Bureau of Prisons for 60 months.

**1. Habeas Motion**

Defendant styles his post-judgment motion as a habeas filing, although he does not specify which type of habeas motion he is filing. Defendant's motion, however, states that he received "insufficient/ineffective" assistance of counsel. This type of claim would typically be asserted in a habeas petition brought under 28 U.S.C. § 2255 as it attacks the validity of his sentence rather than the execution of his sentence. Accordingly, the court construes Defendant's motion as a petition under § 2255.

Defendant's motion under §2255 is filed almost two years after his Judgment and is time barred. A one-year statute of limitation applies to motions brought under § 2255. "The limitation period shall run from the later of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

A conviction becomes final when the possibility of direct review ends--when the defendant failed to take a direct appeal within ten days of the entry of the judgment and sentence. *See United States v. Burch*, 202 F.3d 1274, 1278 (10th Cir.2000) (holding that the one-year limitation period begins to run when, after direct appeal, the time for filing a certiorari petition expires). Defendant did not file a Notice of Appeal in his criminal case. Therefore, his conviction became final on March 19, 2012.

The one-year statute of limitations is subject to equitable tolling but only in "rare and exceptional circumstances." *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir.2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998) . This equitable remedy is only available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000), *cert. denied*, 531 U.S. 1194, 121 S. Ct. 1195, 149 L. Ed. 2d 110 (2001). Petitioner has

the burden of establishing that equitable tolling should apply. *See Miller*, 141 F.3d at 978 (refusing to apply equitable tolling because petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims").

There is no basis for equitably tolling the statute of limitations in this case. Defendant states that his attorney convinced him to take a plea deal for possession of a dangerous weapon by an illegal alien, but he was not in the country illegally. Defendant asserts that his biological parents were given citizenship when he was 14 years old and that makes him a United States citizen. Regardless of whether that assertion is correct, Defendant would have known whether he was a citizen at the time he entered into the plea deal and/or could have ascertained whether he was a United States citizen within the one-year statute of limitations. Therefore, there is no basis for equitably tolling the statute of limitations and Defendant's § 2255 motion is time barred.

**2. Motion to Appoint New Counsel**

Defendant also moves for appointment of new counsel. Under 18 U.S.C. § 3006A, the court has discretion to appoint counsel when "the interests of justice so require" for a "financially eligible person" bringing a § 2255 petition. *See* 18 U.S.C.A. § 3006A(a)(2)(B) (West 2000). Because Defendant's § 2255 motion is time barred, there is no basis or grounds for appointing counsel.

**3. Motion to Stay Transport to Federal Prison**

Furthermore, Defendant seeks a stay of transport to federal prison. It is unclear to the court why Defendant has not been transported to federal prison given that he was sentenced nearly two years ago. Nonetheless, the court has no jurisdiction to determine Defendant's

request. After sentencing, the court loses jurisdiction and the Bureau of Prisons "has the exclusive authority to determine when a federal sentence shall begin and where the federal sentence shall be served." *Weekes v. Fleming*, 301 F.3d 1175, 1179 (10th Cir. 2002).

**CONCLUSION**

For the foregoing reasons, Defendant's "Motion of Habeas Corpus" is construed as a § 2255 motion and DENIED as time barred, Defendant's Motion to Appoint New Counsel is DENIED, and Defendant's Motion to Stay Transport to Federal Prison is DENIED.

DATED this 4th day of March, 2014.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge